## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONALD AND BELYNDA
GAMBRELL,

Case No.: 2:21-cv-11846-DML-CI

                     Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,
RENAISSANCE CENTER
MANAGEMENT COMPANY, AND
GENERAL MOTORS, LLC,

Hon. David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

                     Jointly and severally,

                     Defendants.

| | |
|---|---|
| Danielle B. Safran (P61965) | Jennifer L. Pope (P82921) |
| The Sigler Law Firm, PLC | Kelly Eisenlohr-Moul (P85808) |
| 30300 Northwestern Highway Ste 337 | Martenson, Hasbrouck & Simon, LLP |
| Farmington Hills, MI 48334 | 2573 Apple Valley Road NE |
| Safranlaw1@gmail.com | Atlanta, Georgia 30319 |
| (248) 705-6400 | (248) 877-4452 |
| *Counsel for Plaintiff* | Jpope@martensonlaw.com |
| | *Counsel for All Defendants* |
| | |
| | DONALD C. BULEA (P84895) |
| | 34977 Woodward Avenue, Ste. 300 |
| | Birmingham, MI 48009 |
| | (248) 723-6120 |
| | donald.bulea@ogletree.com |
| | *Additional Counsel for General Motors* |
| | *and Deponent Jenkins* |

## PLAINTIFFS' EMERGENCY MOTION TO COMPEL AND DISQUALIFY COUNSEL FOR DEFENDANTS

NOW COME Plaintiffs, Donald and Belynda Gambrell, by and through their attorneys, The Sigler Law Firm, PLC and hereby submits the following Emergency Motion to Compel and Disqualify Counsel for Defendants.

1.     Plaintiffs' Complaint was filed on or about on August 9, 2021, alleging counts of Race Discrimination, Hostile Work Environment and Retaliation in violation of the Michigan Elliott Larsen Civil Rights Act MCLA §37.2101 et. seq.; Title VII of the Civil Rights Act of 1964, §503(a) of the ADA and the FMLA. *ECF No. 1*

*2.*     Defendants have thwarted discovery as set forth in Plaintiffs' pending Motion to Compel which was referred to Magistrate Ivy, Jr. and such conduct has continued.[1] *PageID 949; Fed. R. Civ. P. 37(a)(3)(B); Fed. R. Civ. P. 37(a)(5)*

*3.*     Discovery has been stalled as a result of Defendants' continual actions which frustrates Plaintiffs' ability to prepare for depositions and trial, including refusal to conduct or even schedule any requested management depositions before mediation. *PageID 949, 1024-1030.*

*4.*     Discovery has been stalled as a result of Defendants' continual actions which frustrates Plaintiffs' ability to prepare for depositions and trial, including

---

[1] A listing of some of Counsel's discovery abuses were included in Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Compel; however, Plaintiffs reply brief is limited in length and additional abuses have been committed since the Plaintiffs' filing of the reply brief yesterday.

refusal to conduct or even schedule any requested management depositions before mediation. *PageID 949, 1024-1030.*

5.      Defendants refused to produce documents related to an investigation into Plaintiffs' complaints of discrimination, harassment and retaliation; Defendants claimed they drafted a privilege log that would be produced in early 2022; however, it was not produced until *after* management depositions began on April 30, 2022. *PageID.901*

6.      Defendants' failure to fully respond to Plaintiffs' discovery requests and attempts to conceal documents under the "attorney-client" privlege is a flagrant violation of the Federal Rules of Civil Procedure Rule 26(b)(5)(A), Rule 33(b) and 34(b)(2) and has prevented the Plaintiffs from properly preparing for trial. *Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 33(b); Fed. R. Civ. P. 34(b)(2)*

7.      Plaintiffs' counsel sought concurrence for this motion and, in accordance with LR 37.1, the parties held a meet and confer conference in advance of this motion in good faith effort to narrow the areas of disagreement to the greatest possible extent, as set forth above; Plaintiffs explained the nature of the motion, the outstanding discovery documents, inadequacies in Defendants' discovery responses, relief sought, and the legal basis for this motion; yet concurrence was denied.

8.      Since the parties' meet and confer conference, Defendants' counsel failed to provide adequate information and/or updated privilege log which describes "the nature of the documents, communications or tangible things not produced or disclosed and do so in a manner that…will enable other parties to assess the claim;" *Defendants have not* complied with the requirements of Rule 26(b)(5)(A)(ii). *Fed. R. Civ. P. 26(b)(5)(A)(ii).*

9.      During the parties' meet and confer conferences on several matters, Defendants' counsel made it clear that, no matter what the Magistrate Judge recommends or orders relative to Plaintiffs' Motion to Compel, Defendants will not abide by it unless ordered by Judge Lawson after his consideration of the motion. This is a stall tactic and was not said in good faith reliance of the court rules or this Court's referral of Plaintiffs' Motion to Compel to Magistrate Ivy, Jr. which is a sanctionable violation. *Fed. R. Civ. P. 37(a)(5)(A); See ECF No. 39.*

10.     Defendants egregious actions during discovery are more fully set out in Plaintiffs' Emergency Motion to Sanction Defendants for Discovery Abuses and have prevented Plaintiffs from adequately preparing for trial in this matter and have resulted in excessive litigation costs which were otherwise unnecessary.

*11.*     Discovery cutoff in this matter was extended to May 31, 2022 by this Court due to the stalled discovery process; however, Defendants' actions continue to thwart discovery. *PageID.686*

*12.* Defendants egregious actions constitute bad faith and an abusive practice for which sanctions have been requested under separate motion.

13. Plaintiffs rely on the attached brief in support of its motion.

Respectfully submitted,

Dated: May 12, 2022      s/Danielle Safran_____
     Danielle B. Safran
     30300 Northwestern Highway, Suite 337
     Farmington Hills, MI   48334
     (248) 932-3500

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONALD AND BELYNDA
GAMBRELL,

                         Case No.: 2:21-cv-11846-DML-CI

              Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,   Hon. David M. Lawson
RENAISSANCE CENTER                 Magistrate Judge Curtis Ivy, Jr.
MANAGEMENT COMPANY, AND
GENERAL MOTORS, LLC,

              Jointly and severally,

              Defendants.

| | |
|---|---|
| Danielle B. Safran (P61965) | Jennifer L. Pope (P82921) |
| The Sigler Law Firm, PLC | Kelly Eisenlohr-Moul (P85808) |
| 30300 Northwestern Highway Ste 337 | Martenson, Hasbrouck & Simon |
| Farmington Hills, MI 48334 | LLP2573 Apple Valley Road NE |
| safranlaw1@gmail.com | Atlanta, Georgia 30319 |
| (248) 705-6400 | (248) 877-4452 |
| *Counsel for Plaintiff* | Jpope@martensonlaw.com |
| | *Counsel for All Defendants* |
| | |
| | DONALD C. BULEA (P84895) |
| | 34977 Woodward Avenue, Ste. 300 |
| | Birmingham, MI 48009 |
| | (248) 723-6120 |
| | donald.bulea@ogletree.com |
| | *Additional Counsel for General Motors* |
| | *and Deponent Jenkins* |

## PLAINTIFFS' EMERGENCY MOTION TO COMPEL AND DISQUALIFY COUNSEL FOR DEFENDANTS

**STATEMENT OF ISSUES PRESENTED**

1. Whether communications, interviews, notes, memoranda or other documents relative to investigation(s) into Plaintiffs' complaints of race discrimination, harassment and/or retaliation have been properly withheld from discovery based on Defendants assertion of the attorney-client privilege.

**Plaintiff Responds: No**

Defendant Responds: Yes

2. Whether Defendants waive any attorney client privilege by disclosing the results of the investigation(s) into Plaintiffs' workplace complaints of discrimination, harassment and/or retaliation and/or EEOC Charges of Discrimination and retaliation.

   **Plaintiff Responds: Yes**

   Defendant Responds: No

3. Whether Defendants' attorneys waived any privilege relative to investigations into Plaintiffs' complaints of discrimination, harassment and/or retaliation and/or EEOC Charges of Discrimination or Retaliation by using such as a shield to protect disclose of documents to Plaintiffs and a sword by using the investigations as a defense to Plaintiffs claims.

   **Plaintiff Responds: Yes**

   Defendant Responds: No

# CONTROLLING AUTHORITY

## CASE LAW:

*Koumoulis v. Independent Financial Marketing Group*, 295 FRD 28 (ED NY 2013)p.4-5

*In re: United Shore Financial Services, LLC*, No. 17-2290 (6th Cir. 2018)..p.6

*Brownwell v. Roadway Package Systems, Inc.* 185 FRD 19 (ND NY 1999).........p.7

*Koss v. Palmer Water Department*, 977 F. Supp 28 (D. Mass. 2013) …………...p.8

*Walker v. County of Contra Costa*, 277 FRD 529 (ND Cal. 2005)………………p.9

*EEOC et al. v. Spitzer*, 2013 WL 2250757 (ND Ohio May 22, 2013)…………...p.9

## FEDERAL RULES OF CIVIL PROCEDURE:

*Fed. R. Civ. P. 26(b)(5)(A)*………………………………………………………..*p. 3*

*Fed. R. Civ. P. 30*………………………………………………………………..*p. 9*

# I.  STATEMENT OF FACTS

On April 30, 2022 Defendants' produced a Privilege Log for alleged documents being withheld from production in this matter based on such objections. *PageID 1115-1144 See Requests # 4, 9, 10, 15, 18; Exhibit 3, pp. 8-9* Defendants stated in January 2022 it would produce this document which they drafted. However, it was only received *after* a supervisor testified that no investigation was conducted into Plaintiffs' complaints.

It appears from Defendants conduct that it purposely asserted an objection based on privilege to prevent Plaintiffs from discovering that no such investigations were even conducted in response to Plaintiffs' complaints as confirmed by management witnesses' testimony. (*Transcripts not received in time to attach*). The timing in which such privilege logs were provided also brings into question Defendants' bad faith. In fact, Defendants contended that this log would be produced in early 2022. However, it was only produced on April 30, 2022, *the day after* a witness testified that no investigations had been done into Plaintiffs' complaints of race discrimination, harassment or retaliation. *PageID 1106-1114*

Due to the upcoming discovery cutoff, Plaintiffs request that this motion be heard on an emergency basis and/or with expedited briefing schedule.[2]

---

[2] A Rule 11 Motion for Sanctions has been served upon Defendants; however, due to the 21-day safe harbor provision, it will not be filed with this Court until after

# I. LEGAL ARGUMENTS

## A. PRIVLEGE: EVIDENCE REGARDING INVESTIGATIONS CONDUCTED BY DEFENDANTS IN RESPONSE TO PLAINTIFFS' RACE DISCRIMINATION, HARASSMENT AND RETALIATION COMPLAINTS ARE BEING CONCEALED BY DEFENDANTS THROUGH INVALID OBJECTIONS BASED ON PRIVLEDGE

Rule 26(b)(5)(A)(ii) requires that the party alleging the privlege must "describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that…will enable other parties to assess the claims." *Fed. R. Civ. P. 26(b)(5)(A)(ii)*. Defendants have failed to comply with this court rule here. Defendants privilege log only states "Investigation" as a description of the documents/communications with the date and parties allegedly involved. *PageID 1113-1114* The documents listed on this privilege log state such are related to "investigations" into each one of Plaintiffs' complaints; however, Defendants' privilege log fails to identify what types of documents or communications are being withheld or the nature of such information.

---

discovery cutoff. Thus, Plaintiffs brings claims to sanction the Defendants' solely for their abuses of discovery in this motion.

1. **DEFENDANTS' COUNSEL GAVE BUSINESS ADVICE, NOT LEGAL ADVICE TO DEFENDANTS, THUS THE ATTORNEY-CLIENT PRIVILEGE DOES NOT APPLY TO THE COMMUNICATIONS OR DOCUMENTS WHICH DEFENDANTS WITHHOLD BASED ON SUCH**

Due to Defendants noncompliance with the court rules, it is difficult to ascertain the nuances within Defendants broad objection or to ascertain the support Defendants rely upon for each such objections. Furthermore, such is insufficient to assess the claims. *PageID 1113-1114.* However, it appears from discussions with Defendants' counsel Moul that all such "investigation" were allegedly conducted by attorneys with her direct supervision and thus, Defendants believe such is privileged which is a flawed argument.

Defendant counsel Moul is the same attorney that is primarily identified as being involved in each privileged communication and/or document in Defendants' privilege log. *PageID 1113-1114 See Footnotes 1-3* Thus, it is likely she will be a witness in this matter if Defendants make the investigation an issue in the case via an affirmative defense. This is especially true where she was involved in communications that constituted routine, business functions in Defendants' handbooks and policies which require that an investigation be conducted by management into complaints of race discrimination, harassment and retaliation.

Business advice is not protected from disclosure under the attorney-client privilege; the predominant purpose of discussions related to investigations into employee complaints is to seek business advice, not legal advice. *Koumoulis v. Independent*

4

*Financial Marketing Group*, 295 FRD 28 (ED NY 2013) The *Koumoulis* court noted that counsel's advice to management relative to employee investigations rarely involved interpreting or applying legal principles. *Id.*

## 2.   EVEN IF ATTORNEY CLIENT PRIVILEGE APPLIES, THE DEFENDANTS ATTORNEYS WAIVED ANY SUCH PRIVILEGE BY DIVULGING THE OUTCOME OF SUCH INVESTIGATIONS

Additionally, even if we assume arguendo that the communications and/or documents that Defendants are withholding were privileged communications under the attorney work product and/or attorney-client privilege, such privilege has been waived by Defendants' counsel by disclosing the results of the investigation to Plaintiffs. Defendants stated in a letter to the mediator that, "[w]hile G4S took each of Plaintiff's complaints seriously, his concerns **were found to be nothing more than petty workplace slights that were not actionable under G4S policy**.[3]"

By disclosing the results of the investigation, Defendants have waived disclosure. Moreover, Defendants contend that all investigation documents that have not been disclosed are privileged from disclosure. Yet it was clear from protected discussions that Defendants intend on using such investigations as an affirmative defense. Defendants cannot use this objection as both a shield and sword; they cannot have it both ways.

---

[3] Plaintiffs will produce upon request

Thus, Plaintiffs request this Honorable Court compel Defendants to disclose any such documents and fully respond to Requests # 4, 9, 10, 15, 18. *PageID 1113-1144* [4]

*In re: United Shore Financial Services, LLC*, No. 17-2290 (6th Cir. Jan. 3, 2018) demonstrates the perils of using the privilege as a sword and shield, as Defendants have done here. The Court of Appeals held that United Shore Financial Services, LLC's disclosure of investigative findings and apparent reliance on those findings to assert an affirmative defense resulted in a waiver of privilege as to "all communications involving the same subject matter." Applying this principle to the case at hand, Defendants have waived any privilege they had relative to investigation into Plaintiffs' complaints of race discrimination, harassment and/r retaliation in the workplace as well as the Charges of Discrimination brought by the EEOC as Defendants disclosed the investigative findings relative to such complaints, along with stating their intention to rely on such investigations and findings as an affirmative defense in this case.

---

[4] Plaintiffs have sought concurrence, which Defendant denied, for a Motion to Disqualify Defendant counsel from representation in this matter based on such involvement with regular business operations; such are not protected communications under the attorney-client privilege and thus, Kelly Eisenlohr-Moul will be called as a witness in this matter. Attorney Moul should be sequestered from depositions pending the Plaintiffs' motion.

**3. EVEN IF ATTORNEY CLIENT PRIVILEGE APPLIES, THE DEFENDANTS ATTORNEYS WAIVED THEIR PRIVILEGE BY USING IT AS BOTH A SHIELD TO PROTECT DEFENDANTS FROM PRODUCING INVESTIGATION DOCUMENTS AND A SWORD TO USE THE INVESTIGATIONS AS A DEFENSE TO PLAINTIFFS' CLAIMS: THIS SHOULD SUBJECT DEFENDANTS TO SANCTIONS**

Similarly, the court in *Brownwell v. Roadway Package Systems, Inc.* 185 FRD 19 (ND NY 1999), held that there was a waiver of privilege where the employer used the attorney-client privilege as both a sword and shield by invoking the privilege relative to communications/documents in an investigation and asserting the adequacy of that same investigation into the plaintiff's complaint of harassment as an affirmative defense. The employer in *Brownwell* argued that plaintiff's claims were barred because it fully and fairly investigated plaintiff's complaints and took prompt appropriate action in response to such. By making this argument, the employer made the investigation and adequacy of such an issue in the case which plaintiff had the right to discover. *Id.* This is similar to the case at hand where Defendants argued at mediation that Plaintiffs' claims were barred because each complaint of race discrimination, harassment and retaliation were investigated and no violations were found to have occurred.

7

Moreover, in *Koss v. Palmer Water Department*, 977 F. Supp 28 (D. Mass. 2013), the court held that the employer waived the attorney-client privilege, relative to an investigation into the plaintiff's harassment complaint (which was also put into issue through the employer's affirmative defense) because such investigation was contracted to an employment law firm and its regular outside counsel actively managed that firm's investigation. The regular outside counsel represented the employer in subsequent litigation and the court found that the firm waived the privilege as they had been a "part and parcel of the investigation" at issue in the case.

This case is similar to *Koss*. During the parties' meet and confer, attorney Moul admitted that she oversaw and actively managed the attorneys that conducted each investigation into Plaintiffs' complaints of harassment. *Id.* Therefore, it is clear that Defendants have waived any privilege that Defendants may have had relative to investigations conducted, witness statements, notes and memoranda, including but not limited to the information on their privilege log. Further, such must be disclosed to Plaintiffs forthwith- before management depositions continue- as discovery cutoff is May 31, 2022. In the alternative, Plaintiffs request to re-call management personnel for depositions following any production of documents related to such investigations of Plaintiffs' workplace complaints.

Just as with the attorney-client privilege, a claim of work product may be defeated when the investigation is used by Defendants as a defense to Plaintiffs' claims. *Walker v. County of Contra Costa*, 277 FRD 529 (ND Cal. 2005)

The *Walker* court held that where an employer puts the adequacy of its pre-litigation investigation into issue by asserting the investigation as a defense, they must hand over documents related to that investigation, even if such would ordinarily be privileged.

Failure of counsel to turn over investigation notes prepared by regular counsel that conducts an investigation into an EEOC Charge of Discrimination, such as Defendants' attorneys Moul and Pope did here, can result in sanctions. *EEOC et al. v. Spitzer*, 2013 WL 2250757 (ND Ohio May 22, 2013)

## II. CONCLUSION

Plaintiffs respectfully request that Kelly Eisenlohr-Moul and/or Jennifer Pope be disqualified as counsel for Defendants. Plaintiffs also respectfully request that this Court order counsel Moul to be sequestered from witness depositions until the Court rules on this matter as she is likely to be a witness in this case, given the foregoing. There are four attorneys of record for Defendants; thus, this will not prejudice Defendants.

9

Additionally, Plaintiffs urge this Honorable Court to order Defendants to produce forthwith any and all documents that are being objected to based on the attorney-client work product, attorney-client privileges as indicated in discovery responses and logs due to a waiver of any such privilege.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court grant their motion in its entirety and order the following:

a) Order Kelly Eisenlohr-Moul and/or Jennifer Pope be disqualified as counsel for Defendants.
b) Order counsel Moul to be sequestered from witness depositions until the Court rules on this matter as she is likely to be a witness in this case;
c) Order Defendants to produce any and all documents or communications related to Defendants' investigation into Plaintiffs' complaints of discrimination, harassment and retaliation, including EEOC Charges of Discrimination, including but not limited to any documents or communications which were objected to by Defendants on the basis of privilege, attorney-client work product, or attorney-client privilege;
d) In the event that Defendants' produce discovery documents after the date/time of any noticed management deposition, that this Court Order Plaintiffs permission to re-call management witnesses for additional depositions as needed without having to first obtain leave of the Court, pursuant to *Rule 30(a)(2)(A)(ii) and Rule 30(d)(3)(B),* in order to avoid further delay;
e) Grant attorney fees and/any other equitable relief in favor of Plaintiffs which this Court finds reasonable under the circumstances.

Respectfully submitted,

Dated: May 12, 2022

s/Danielle Safran _____
Danielle B. Safran
30300 Northwestern Highway, Suite 337
Farmington Hills, MI   48334
(248) 932-3500

10

**CERTIFICATION UNDER E.D. MICH. LR 5.1(a):**

I, Danielle B. Safran, hereby certify that this document complies with Local Rule 5.1 (a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (non-proportional fonts) or 14 point (proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Danielle Safran

Danielle Safran

<u>**PROOF OF SERVICE**</u>

I, DANIELLE B. SAFRAN, do hereby certify that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mailing and/or via Court Efiling, as disclosed by the pleadings of the record herein on May 12, 2022.

_____/s/Danielle B. Safran_____

Danielle Safran