## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONALD AND BELYNDA
GAMBRELL,

               Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,
RENAISSANCE CENTER
MANAGEMENT COMPANY, AND
GENERAL MOTORS, LLC,

               Jointly and severally,

               Defendants.

Case No.: 2:21-cv-11846-DML-CI

Hon. David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

| | |
|---|---|
| Danielle B. Safran (P61965) | Jennifer L. Pope (P82921) |
| The Sigler Law Firm, PLC | Kelly Eisenlohr-Moul (P85808) |
| 30300 Northwestern Highway Ste 337 | Martenson, Hasbrouck & Simon, LLP |
| Farmington Hills, MI 48334 | 2573 Apple Valley Road NE |
| Safranlaw1@gmail.com | Atlanta, Georgia 30319 |
| (248) 705-6400 | (248) 877-4452 |
| *Counsel for Plaintiff* | *Jpope@martensonlaw.com* |
| | *Counsel for All Defendants* |
| | |
| | DONALD C. BULEA (P84895) |
| | 34977 Woodward Avenue, Ste. 300 |
| | Birmingham, MI 48009 |
| | (248) 723-6120 |
| | donald.bulea@ogletree.com |
| | *Additional Counsel for General Motors* |
| | *and Deponent Jenkins* |

## PLAINTIFFS' EMERGENCY MOTION TO
## SANCTION DEFENDANTS FOR CONTINUED ABUSES OF DISCOVERY

NOW COME Plaintiffs, Donald and Belynda Gambrell, by and through their attorneys, The Sigler Law Firm, PLC and hereby submits the following Emergency Motion to Sanction Defendants for Continued Abuses of Discovery.

1.      Plaintiffs' Complaint was filed on or about on August 9, 2021, alleging counts of Race Discrimination, Hostile Work Environment and Retaliation in violation of the Michigan Elliott Larsen Civil Rights Act MCLA §37.2101 et. seq.; Title VII of the Civil Rights Act of 1964, §503(a) of the ADA and the FMLA. *ECF No. 1*

2.      Defendants have thwarted discovery as set forth in Plaintiffs' pending Motion to Compel which was referred to Magistrate Ivy, Jr. and such conduct has continued.[1] *PageID 949; Fed. R. Civ. P. 37(a)(3)(B); Fed. R. Civ. P. 37(a)(5)*

3.      Discovery has been stalled as a result of Defendants' continual actions which frustrates Plaintiffs' ability to prepare for depositions and trial, including refusal to conduct or even schedule any requested management depositions before mediation. *PageID 949, 1024-1030.*

4.      Discovery has been stalled as a result of Defendants' continual actions which frustrates Plaintiffs' ability to prepare for depositions and trial, including

---

[1] A listing of some of Counsel's discovery abuses were included in Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Compel; however, Plaintiffs reply brief is limited in length and additional abuses have been committed since the Plaintiffs' filing of the reply brief yesterday.

refusal to conduct or even schedule any requested management depositions before mediation. *PageID 949, 1024-1030.*

5.     Defendants refused to produce documents related to an investigation into Plaintiffs' complaints of discrimination, harassment and retaliation; Defendants claimed they drafted a privilege log that would be produced in early 2022; however, it was not produced until *after* management depositions began on April 30, 2022. *PageID.901*

6.     Defendants' failure to fully respond to Plaintiffs' discovery requests and attempts to conceal documents under the "attorney-client" privlege is a flagrant violation of the Federal Rules of Civil Procedure Rule 26(b)(5)(A), Rule 33(b) and 34(b)(2) and has prevented the Plaintiffs from properly preparing for trial. *Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 33(b); Fed. R. Civ. P. 34(b)(2)*

7.     Plaintiffs' counsel sought concurrence for this motion and, in accordance with LR 37.1, the parties held a  meet and confer conference in advance of this motion in good faith effort to narrow the areas of disagreement to the greatest possible extent, as set forth above; Plaintiffs explained the nature of the motion, the outstanding discovery documents, inadequacies in Defendants' discovery responses, relief sought, and the legal basis for this motion; yet concurrence was denied.

8.     Since the parties' meet and confer conference, Defendants' counsel failed to provide adequate information and/or updated privilege log which describes "the nature of the documents, communications or tangible things not produced or disclosed and do so in a manner that...will enable other parties to assess the claim;" *Defendants have not* complied with the requirements of Rule 26(b)(5)(A)(ii). *Fed. R. Civ. P. 26(b)(5)(A)(ii).*

9.     During the parties' meet and confer conferences on several matters, Defendants' counsel made it clear that, no matter what the Magistrate Judge recommends or orders relative to Plaintiffs' Motion to Compel, Defendants will not abide by it unless ordered by Judge Lawson after his consideration of the motion. This is a stall tactic and was not said in good faith reliance of the court rules or this Court's referral of Plaintiffs' Motion to Compel to Magistrate Ivy, Jr. which is a sanctionable violation. *Fed. R. Civ. P. 37(a)(5)(A); See ECF No. 39.*

10.    It also appears from witness testimony of Darlene Sisman that the Defendants have failed to preserve evidence maintained by G4S, including payroll information for all Renaissance Center Security employees from 2017 through September 2021 and failed to supplement discovery responses adequately in violation of Rule 26 and Rule 37; this information is apparently inaccessible following G4S' acquisition by Allied Universal in October 2021- after the institution of this lawsuit. *Fed. R. Civ. P. 26; Fed. R. Civ. P. 37*

11.    Defendants egregious actions during discovery have prevented Plaintiffs from adequately preparing for trial in this matter and have resulted in excessive litigation costs which were otherwise unnecessary.

*12.*    Discovery cutoff in this matter was extended to May 31, 2022 by this Court due to the stalled discovery process; however, Defendants' actions continue to thwart discovery. *PageID.686* Defendants egregious actions constitute bad faith and an abusive practice which should result in sanctions being imposed are set forth in the attached brief in support of this motion. *Fed. R. Civ. P. Civ. P. 26; Fed. R. Civ. P. Civ. P. 30; Fed. R. Civ. P. Civ. P. 33; Fed. R. Civ. P. Civ. P. 34; Fed. R. Civ. P. Civ. P. 37*

*13.*    Plaintiffs seeks sanctions, costs and fees be ordered against Defendants. *Fed. R. Civ. P. Civ. P. 26; Fed. R. Civ. P. Civ. P. 37*

*14.*    Plaintiffs seeks sanctions, costs and fees be ordered against Defendants for its abuses of discovery and for necessitating the filing of this motion, pursuant to Rule 26 and Rule 37(a). *Fed. R. Civ. P. 26; Fed. R. Civ. P. 37*

15.    Plaintiffs rely on the attached brief in support of its motion.

Respectfully submitted,

Dated: May 12, 2022              s/Danielle Safran_____
                                Danielle B. Safran
                                30300 Northwestern Highway, Suite 337
                                Farmington Hills, MI   48334
                                (248) 932-3500

- 5 -

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD AND BELYNDA
GAMBRELL,

                    Plaintiffs,

Case No.: 2:21-cv-11846-DML-CI

v.

G4S SECURE SOLUTIONS (USA) INC.,
RENAISSANCE CENTER
MANAGEMENT COMPANY, AND
GENERAL MOTORS, LLC,

Hon. David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

               Jointly and severally,

               Defendants.

| | |
|---|---|
| Danielle B. Safran (P61965) | Jennifer L. Pope (P82921) |
| The Sigler Law Firm, PLC | Kelly Eisenlohr-Moul (P85808) |
| 30300 Northwestern Highway Ste 337 | Martenson, Hasbrouck & Simon |
| Farmington Hills, MI 48334 | LLP2573 Apple Valley Road NE |
| safranlaw1@gmail.com | Atlanta, Georgia 30319 |
| (248) 705-6400 | (248) 877-4452 |
| *Counsel for Plaintiff* | Jpope@martensonlaw.com |
| | *Counsel for All Defendants* |
| | |
| | DONALD C. BULEA (P84895) |
| | 34977 Woodward Avenue, Ste. 300 |
| | Birmingham, MI 48009 |
| | (248) 723-6120 |
| | donald.bulea@ogletree.com |
| | *Additional Counsel for General Motors* |
| | *and Deponent Jenkins* |

## PLAINTIFFS' EMERGENCY MOTION TO SANCTION DEFENDANTS FOR CONTINUED ABUSES OF DISCOVERY

## STATEMENT OF ISSUES PRESENTED

1. Whether this Honorable Court should hear this motion on an emergency basis and/or with an expedited briefing schedule due to the upcoming close of discovery and the myriad of issues and abuses related to discovery in this matter.

   **Plaintiff Responds: Yes**

   Defendant Responds: No

2. Whether Defendants actions, as set forth in the attached brief, constitute an abuse of discovery which warrant sanctions under *Fed. R. Civ. P.* 26 and/or *Fed. R. Civ. P. 37.*

   **Plaintiff Responds: Yes**

   Defendant Responds: No

3. Whether Defendants' actions set forth in the attached brief are tantamount to bad-faith which empowers this Honorable Court to use its inherent power to sanction Defendants when their actions resulted in excessive litigation costs for Plaintiffs:

   **Plaintiff Responds: Yes**

   Defendant Responds: No

# CONTROLLING AUTHORITY

## CASE LAW:

*Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)………..……………………..*p. 2*

*In re: United Shore Financial Services, LLC*, No. 17-2290 (2018)…………….p.16

*EEOC et al. v. Spitzer*, 2013 WL 2250757 (ND Ohio May 22, 2013)…………p. 16

## FEDERAL RULES OF EVIDENCE:

*Fed. R. Evid. 408(a)*……………………………………………………………*pp.6-7*

## FEDERAL RULES OF CIVIL PROCEDURE:

*Fed. R. Civ. P. 7.1*…………………………………………………………*pp. 3-4*
*Fed. R. Civ. P. 26*……………………………………………………………*pp. 2, 24*
*Fed. R. Civ. P. 26(b)*…………………………………………………………*pp.19, 21*
*Fed. R. Civ. P. 26(b)(5)(A)*……………………………………………………*p. 15*
*Fed. R. Civ. P. 26(g)*………………………………………………………*p.19*
*Fed. R. Civ. P. 30*…………………………………………………………*pp.2, 19*
*Fed. R. Civ. P. 30(b)(2)*……………………………………………………*p.19*
*Fed. R. Civ. P. 30(b)(4)*……………………………………………………*pp.22, 25*
*Fed. R. Civ. P. 30(d)(2)*……………………………………………………*pp.19, 21*
*Fed. R. Civ. P.33(b)*………………………………………………………*pp. 2, 17*
*Fed. R. Civ. P. 34*………………………………………………………*pp. 17, 19*
*Fed. R. Civ. P. 34(b)*……………………………………………………*pp. 2, 18-19*
*Fed. R. Civ. P.37*…………………………………………………………*pp.2, 4, 24*
*Fed. R. Civ. P. 37(a)*……………………………………………………*pp. 2, 17*
*Fed. R. Civ. P.37(a)(3)(A)*…………………………………………………*p.4*
*Fed. R. Civ. P.37(a)(5)(A)*…………………………………………………*p.3*
*Fed. R. Civ. P.37(c)(1)*……………………………………………………*pp. 4, 5, 19*

## LOCAL COURT RULES:

*Local Rule 83.4*……………………………………………………………*pp. 3, 4, 5*

## OTHER:

Judge Lawson's *Practice Guidelines p. 4*…………………………………………*p.10*
*Magistrate Judge Ivy, Jr. Practice Guidelines*……………………………………*pp. 11-12*

# EXHIBIT LIST

*Exhibit 1, May 10, 2022 Defendants Supplemental Document Production*

*Exhibit 2, Counsel Email Stating Communications Allegedly Made During Mediation Must be Stricken from Joint Motion Before Filing March 29, 2022.*

*Exhibit 3, May 5, 2022 Renotice of Remote Deposition of Darlene Sisman*

*Exhibit 4, Counsel Emails Re: Objections to Sisman ReNotice of Deposition*

## I.   SUMMARY OF FACTS OF CONTINUING VIOLATIONS OF DISCOVERY ABUSES BY DEFENDANTS

Defendants have continued to conduct discovery in an egregious manner which was clearly intended to frustrate Plaintiffs' ability prepare for depositions and trial[2]. Plaintiffs' first set of discovery was served on Defendants back in June 2021- *over eleven months ago-* yet received piecemeal pages of supplemental responses after each management deposition. *see Timeline of Document Production PageID1025* Even after Plaintiffs' Reply brief was filed containing a timeline of Defendants' "supplemented" documents, they produced "new" documents (dated December 2020 and 2016) following Darlene Sisman's deposition. *Exhibit 1, May 10, 2022 Defendants Suppl. Document Production*

Thus, their harassing actions continue unabated and unaddressed. It is clear from the timing of the documents produced that Defendants intent was to preclude Plaintiffs from preparing for depositions and trial. Plaintiffs have the right to the requested discovery; yet, Defendant denies Plaintiff's reasonable requests in effort to frustrate the discovery process. Discovery cutoff is May 31, 2022; this is the extended cutoff; thus, there is no excuse for Defendants' failure and/or refusal to provide responses to discovery requests. *PageID.686*

---

[2] Donald Bulea only appeared as additional counsel for Defendant General Motors and Deponent Gregory Jenkins on May 2, 2022; thus, conduct alleged against "Defendants' counsel" which predated his appearance should not be interpreted to reference attorney Bulea or his law firm.

 Defendants' failure to fully respond to Plaintiff's discovery requests and are flagrant violations of Rules 26, 30, 33(b), 34(b) and 37 and has prevented the Plaintiffs from properly preparing for trial. *Fed. R. Civ. P. Civ. P. 26; Fed. R. Civ. P. Civ. P. 30; Fed. R. Civ. P. Civ. P. 33(b); Fed. R. Civ. P. Civ. P. 34(b); Fed. R. Civ. P. Civ. P. 37* Due to the upcoming discovery cutoff, Plaintiffs request that this motion be heard on an emergency basis and/or with expedited briefing schedule.[3]

## II. LEGAL ARGUMENTS

Despite this Court's Practice Guidelines expecting discovery to be conducted in a cooperative manner, Defendants have continually failed to conduct discovery cooperatively or fairly as shown herein. In fact, Defendants actions constitute not only an abuse of the discovery process but a complete disregard for the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

A court's inherent power to sanction extends to acts which degrade the judicial system; where a litigant engages in conduct that is **"tantamount to bad faith."** *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) In this case, Defendants have engaged in conduct that is tantamount to bad-faith as set forth herein; thus, this Court has the inherent power to sanction Defendants for their actions.

---

[3] A Rule 11 Motion for Sanctions has been served upon Defendants; however, due to the 21-day safe harbor provision, it will not be filed with this Court until after discovery cutoff. Thus, Plaintiffs brings claims to sanction the Defendants' solely for their abuses of discovery in this motion.

For example, Defendants' counsel made it clear that, no matter what the Magistrate Judge recommends or orders relative to Plaintiffs' Motion to Compel, Defendants will not abide by it unless ordered by Judge Lawson after his consideration of the motion. It appeared from Defendants' counsel posturing at the meet and confer that she was indicating Defendants intent to further delay these proceedings by refusing to abide by any potential rulings by Magistrate Ivy, Jr. which would result in further delay of any discovery production  until *after* management depositions and *after* the close of discovery in this matter. This is a stall tactic and was not said in good faith reliance of the court rules or this Court's referral of Plaintiffs' Motion to Compel to Magistrate Ivy, Jr. which is a violation of Rule 37(a)(5)(A). *Fed. R. Civ. P. 37(a)(5)(A); See ECF No. 39.*

## A. DEFENDANTS ACTIONS CONSTITUTE NOT ONLY AN ABUSE OF THE DISCOVERY PROCESS AND BAD FAITH BUT A COMPLETE DISREGARD FOR THE FEDERAL RULES OF CIVIL PROCEDURE AND FEDERAL RULES OF EVIDENCE

### 1.   FAILURE TO DISCLOSE CORPORATE AFFILIATIONS IN VIOLATION OF FRCP 7.1 AND LR 83.4

All corporate parties to a civil case must file a Statement of Disclosure of Corporate Affiliation and Financial Interest as part of the first pleading or paper filed by the party in this Court pursuant to Local Rule 83.4(c). However, Defendants RCMC and General Motors Company failed to file Notices of Corporate Affiliation which were required to be filed at the start of litigation in this

matter until prompted to do so by Plaintiffs' counsel's email to set a Meet and Confer relative to a Motion to Compel them to do so in *April 2022*- Plaintiffs' Complaint was filed in *August 2021. PageID 967-972* Defendant G4S failed to supplement its disclosures after being acquired by another company despite having an obligation to report such "as *soon as the party becomes aware of the corporate affiliation or financial interest,"* pursuant to LR 83.4(c) and Rule 37, Defendants waited over six months before supplementing G4S' disclosure. These violations warrant sanctions under Rule 37. *Fed. R. Civ. P. 37(a)(3)(A); 37(c)(1)*; *Fed. R. Civ. P. 7.1 PageID 49-50*

In light of the fact that Defendants filed a Motion to Dismiss based on the corporate affiliations in a matter which they had not even divulged corporate affiliations, it appears that Defendants have acted in bad faith in attempt to dismiss this action based solely on false allegations alleged. Thankfully, this Court was not convinced by Defendants' Motions to Dismiss or Motions to Stay and denied all six of them. *PageID 506-520* However, Plaintiffs' counsel spent an inordinate amount of time and resources drafting responses to Defendants' motions which were improperly brought by Defendants before being dismissed by this Court. *See ECF Nos. 12, 13, 15, 16, 19, 21, 30.* Thus, sanctions are warranted against Defendants in favor of Plaintiffs.

2. **DEFENDANTS REFUSE TO PROVIDE INFORMATION OR DOCUMENTATION REQUESTED DURING DISCOVERY WHICH IS RELATED TO DEFENDANT CORPORATE ENTITIES' RELATIONSHIPS, DESPITE BRINGING SUCH INTO ISSUE**

Further, Defendants identified an indemnity agreement in place between Defendant GM and G4S but failed to disclose such as required in LR 83.4(b)(1) and (b)(2). Defendants also objected to discovery requests for documents related to corporate affiliations on the basis that production of the indemnity agreement between the parties is "confidential" and disclosure would result in "irreparable harm." However, no affidavits or other evidence were produced in support of their objections. Plaintiffs offered to enter a Protective Order to maintain the confidentiality of this "indemnity" agreement between the parties but Defendants never responded. As a result of Defendants refusal to provide adequate information relative to their corporate affiliations, Plaintiffs have spent an inordinate amount of time during management depositions trying to ascertain the business affiliations between the Defendant corporate entities which has resulted in excessive and unnecessary costs for Plaintiffs. Failure to disclose and/or supplement corporate affiliations and discovery requests regarding such which is at issue in this matter is a violation of Rule 37. *Fed. R. Civ. P. Civ. P. 37*

In light of the fact that Defendants filed a Motion to Dismiss, *based on the Defendants' corporate affiliations* while contemporaneously refusing to divulge or disclose corporate affiliations which they were required to do under the local court rules, it is clear that Defendants acted in bad faith in attempt to conceal such information from the Plaintiffs, to cause unnecessary delay, and to needlessly increase the costs of this litigation. This Court should use its inherent powers to sanction the Defendants for their continued abuses of discovery which have unnecessarily increased the costs of litigation.

3. **DEFENDANTS DIVULGED PRIVATE SETTLEMENT COMMUNICATIONS IN THEIR BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL IN VIOLATION OF THE FEDERAL RULES OF EVIDENCE FRE 408(a) IN ATTEMPT TO SWAY THIS COURT AND HARASS PLAINTIFF**

Defendants' counsel filed Defendants' Response to Plaintiffs' Motion to Compel and included protected, confidential settlement discussions in its filings, in violation of FRE 408(a) in attempt to sway this Court against the Plaintiffs by relaying the "floor" that Plaintiffs allegedly set during the course of mediation. *PageID 981; Fed. R. Evid. 408(a)*

In fact, Defendants' counsel attempted to include this very same language in the parties' joint motion to adjourn discovery; however, Plaintiffs' counsel made it clear that revealing details of confidential settlement communications was a violation of the court rules and must be stricken before filing. *Exhibit 2, Counsel*

*Email Stating Communications Allegedly Made During Mediation Must be Stricken from Joint Motion Before Filing March 29, 2022.*

Despite taking such out of the parties' joint motion, Defendants counsel then included such in its recent brief which is a complete disregard for the Federal Rules of Evidence. *PageID 981* The mediation attended by the parties was court ordered and the Plaintiffs had every right to believe the settlement communications between the parties would not be disclosed. FRE 408(a) was promulgated to alleviate any concern that a party may have relative to settlement offers and counteroffers would become public knowledge. FRE 408's basis is the promotion of the public policy favoring the compromise and settlement of disputes. *Fed. R. Evid. 408(a) Advisory note*

An inevitable effect of a violation of this rule is to "inhibit freedom of communication with respect to compromise, even among lawyers." *Id.* This has happened here as the parties had discussed the potential of mediating this case a second time after management depositions; however, Plaintiffs are skeptical and believe that any mediation will solely be used by Defendants as an implement to further, harass, delay and increase the expenses of litigation for Plaintiffs based on their actions during discovery. Defendants counsels' actions are in violation of FRE 408(a) and the Court has the inherent power to order sanctions against Defendants for these actions.

**4. DEFENDANTS CONTEND INACCURATELY THAT PLAINTIFFS HAVE NOT ALLEGED FAILURE TO PROMOTE CLAIMS IN DESPITE ALLEGATIONS OF SUCH IN PLAINTIFFS' COMPLAINT AND DISCUSSIONS WITH THIS COURT REGARDING SUCH CLAIMS OF FAILURE TO PROMOTE**

Plaintiffs Complaint clearly alleges a cause of action for Failure to Promote based on Plaintiffs' race. *See PageID 5-7, 10-11; ¶¶20(h), 23, 38-39 and 44, see also ¶¶20(j), 24-27.* Yet Defendants falsely alleged in its Response to Plaintiffs' Motion to Compel that Plaintiffs have not alleged such. This is intended to support Defendants continued refusal to provide any additional documentation regarding payroll, compensation, or promotional opportunities that were given to white males during Plaintiff's employment (within the same department) as well as refusing to provide any compensation information for other non-minority security police officers, CPOs, Control Center Operators, Shift Supervisors or Field Training Coordinators that provided security related services in the Renaissance Center building from 2017 to present- the time frame Plaintiff was employed by Defendants. *PageID 981*

Not only is a failure to promote claim clearly alleged in Plaintiffs' Complaint but the parties discussed such at the first conference call with this Court on October 13, 2021 when the Court inquired into Plaintiffs' claims and how much time would be needed for each side at trial. *See PageID 5-7, 10-11; ¶¶20(h), 23, 38-39, 44*

- 8 -

Moreover, Plaintiffs' Initial Disclosure sets out specific damages which are attributed to Plaintiffs' Failure to Promote claim. Thus, to allege in a response brief that a Failure to Promote claim was novel and brought up only at mediation in this matter was disingenuous especially when Defendants quoted other information relative to damages Plaintiffs demanded in Plaintiffs' Initial Disclosures yet conveniently left that out. *PageID 981*

In fact, Defendants refused to conduct *any* depositions before mediation *and refused to even provide dates to schedule any depositions* until after mediation was concluded; despite Plaintiffs' urging. Such conduct by Defendants does illustrate bad faith- especially where their actions resulted in a very shortened discovery time period, even after this Court graciously granted the parties an additional thirty days of discovery. Defendants continued actions have unfortunately severely affected Plaintiffs ability to prepare for trial. Such conduct appears to be aimed at delay rather than cooperative and fair dealings throughout the discovery process. Given the circumstances, sanctions are warranted.

**5. DEFENDANTS FAILED TO MEET AND CONFER PRIOR TO FILING MOTIONS TO DISMISS AND MOTIONS TO STAY IN DISREGARD OF THIS COURTS PRACTICE GUIDELINES AND THE COURT RULES**

Defendants have repeatedly failed to meet and confer with Plaintiffs' counsel prior to bringing several Motions to Stay and Motions to Dismiss in disregard of this court's Practice Guidelines and FRCP. *PageID 234-236*

This Court acknowledges that a good-faith effort to obtain concurrence "normally involves **actual voice contact with opposing counsel.** If no actual conversation occurs, the moving party must show that **reasonable efforts were undertaken to conduct a conference"** and include such in the motion papers." *Practice Guidelines, p. 4.* "Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions." *Practice Guidelines, p. 4.* Plaintiffs' counsel spent an inordinate amount of time and resources drafting responses to Defendants' three motions to compel, three motions to stay and a motion to strike which were improperly brought by Defendants without properly seeking concurrence. *ECF No. 19* The six motions to dismiss and stay were all ultimately dismissed by this Court. *See ECF Nos. 12, 13, 15, 16, 19, 21, 30.*

Defendants also failed to seek prior concurrence and failed to meet and confer with Plaintiffs' prior to filing a Motion to Strike the Jury Trial which is still pending with this Court. *PageID 544-546*  In fact, "Defendants did not even wait until their self-imposed **same-day** 4pm **deadline** on March 23 to hear back from Plaintiffs' counsel before filing their motion." *PageID 546* "This case is ripe for sanctions as it is not the first time this Court has had to address this issue with Defendant." *ECF No. 33, PageID 547; ECF No. 19*

- 10 -

Therefore, Plaintiffs respectfully request this Court order sanctions against Defendants in favor of Plaintiffs for these continued violations and bad faith which cause unnecessary litigation expenses.

Furthermore, even *after* Plaintiffs' counsel made it clear to Defendants' counsel that they misrepresented essential information in support of their Motion to Strike, including misrepresenting Plaintiff's educational attainments to include two college degrees when in fact he only has a high school diploma, Defendants refused to clarify such with this Court by revising their motion or brief. *ECF No. 33, PageID 547* The foregoing evidences Defendants' bad faith and their continual refusal to abide by the court rules in attempt to harass, delay and cause excessive litigation fees for Plaintiffs. Therefore, Plaintiffs urge this court to use its inherent powers to sanction Defendants for these discovery abuses.

## B. DEFENDANTS' OBJECTIONS TO DISCOVERY REQUESTS SUBJECT THEM TO SANCTIONS IN THIS MATTER

### 1. BOILERPOINT AND FORM OBJECTIONS

In responding to discovery requests, **form or boilerplate objections shall not be used** and, if used, may subject the party and/or its counsel to sanctions. Objections must be specific and state an adequate individualized basis. See *Wesley Corp. v. Zoom T.V. Products, LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc*. v. Herika G. Inc., 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc*., No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and

will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc*

*Practice Guidelines Magistrate Judge Ivy, Jr.* Defendants utilized boilerplate objections throughout discovery, including during the deposition testimony of management witnesses in which Defendants' counsel objected as to "form" for almost every question asked during the deposition and counsel for Gm merely stated "objection" during depositions and failed to particularize any legal support thereof. Also, Defendants objections to managements' ReNotices of Deposition Decus Tecum, as well as many of its discovery responses, were all boilerplate, form objections; all of which should be deemed waived by this Court. *PageID 1126, 1128-1130, 1132-1136, 1141 Interrog. #10, 14 Requests # 1, 6, 7, 9, 10, 12, 20* Based on the foregoing, the Plaintiffs respectfully request that all Defendants' form, generalized objections be considered waived by this Court.

## 2. DEFENDANTS' "UNDULY BURDENSOME" OBJECTIONS WERE NOT SUPPORTED BY AFFIDAVITS OR OTHER EVIDENCE TO SUBSTANTIATE SUCH OBJECTIONS/COSTS

Finally, a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Prods. Liab. Litig*., 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

*See Practice Guidelines Magistrate Judge Ivy, Jr.* Defendants contend that many of Plaintiffs' discovery requests and interrogatory are unduly burdensome.

- 12 -

However, they have not submitted any affidavits or other evidence to substantiate such objections as required.

Furthermore, due to the ease in which the management witnesses testified that they could access many documents which were responsive to Plaintiffs' discovery requests, Defendants' objections to discovery relating to the costs producing said documents and the "proportional needs of the case" are without merit and should be deemed waived by this Court. Therefore, Defendants' objections as to being unduly burdensome or "disproportionate to the needs of the case" should be deemed waived by this Court, including Interrogatories #1, 6, 8, 13 and Requests #14, 16-17, 21, and the Defendants should be sanctioned for such conduct. *See PageID 1118-1119, 1122-1125, 1137-1139, 1141-1142*

### 3. DEFENDANTS OBJECTED TO PRODUCING DISCOVERY BASED ON ITS CONFIDENTIAL NATURE YET REFUSED TO ENTER INTO A PROTECTIVE ORDER TO MAINTAIN THE CONFIDENTIALITY OF DISCOVERY DOCUMENTS IN THIS CASE

Although confidentiality of employees may be protected under some circumstances, Plaintiffs agreed to enter into a Protective Order to maintain such confidentiality back in February 2022. However, Defendants never responded yet they maintain their objections not to disclose information relative to confidentiality. Moreover, Defendants have produced some documents about other employees and not others. For example, Defendants disclosed complaints against a black supervisor which were made in retaliation for his report of Plaintiffs'

- 13 -

continued race discrimination, harassment and retaliation; however, they refuse to provide complaints filed by the same supervisor filed relative to his reports of race discrimination around the time Plaintiff was hired. It is evident Defendants' intention is to conceal information and not maintain its confidential nature. *See PageID 1127-1128, 1130, 1134-1135, 1140, Interrog. #13, Requests #1, 9, 18.*

4. **PRIVLEGE:     EVIDENCE     REGARDING     INVESTIGATIONS CONDUCTED BY DEFENDANTS IN RESPONSE TO PLAINTIFFS' RACE DISCRIMINATION, HARASSMENT AND RETALIATION COMPLAINTS ARE BEING CONCEALED BY DEFENDANTS THROUGH INVALID OBJECTIONS BASED ON PRIVLEDGE**

On April 30, 2022 Defendants' produced a Privilege Log for alleged documents being withheld from production in this matter based on such objections. *PageID 1115-1144 See Requests # 4, 9, 10, 15, 18; PageID 1113-1114* Defendants stated in January 2022 it would produce this document which they drafted. However, it was only received *after* a supervisor testified that no investigation was conducted into Plaintiffs' complaints.

It appears from Defendants conduct that it purposely asserted an objection based on privilege to prevent Plaintiffs from discovering that no such investigations were even conducted in response to Plaintiffs' complaints as confirmed by management witnesses' testimony. (*Transcripts not received in time to attach*).

- 14 -

The timing in which such privilege logs were provided also brings into question Defendants' bad faith. In fact, Defendants contended that this log would be produced in early 2022. However, it was only produced on April 30, 2022, *the day after* a witness testified that *no investigations* had been done into Plaintiffs' complaints of race discrimination, harassment or retaliation. *PageID 1106-1114*

Rule 26(b)(5)(A)(ii) requires that the party alleging the privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that…will enable other parties to assess the claims." *Fed. R. Civ. P. 26(b)(5)(A)(ii)*. Defendants have failed to comply with this court rule here. Defendants privilege log only states "Investigation" as a description of the documents/communications with the date and parties allegedly involved. *PageID 1113-1114* Defendants' privilege log fails to identify what types of documents or communications are being withheld or the nature of such information.

Due to Defendants noncompliance with the court rules, it is difficult to ascertain the nuances within Defendants broad objection or to ascertain the support Defendants rely upon for each such objections. Furthermore, such is insufficient to assess the claims. *PageID 1113-1114.* Defendants' counsel Moul stated that all such "investigation" were conducted by attorneys with her direct supervision and thus, she believed such to be privileged.

This is a flawed argument which makes it clear that counsel's intent was to conceal the investigation details from Plaintiffs under "privilege" as set forth more fully in Plaintiffs' Motion to Compel and Disqualify Counsel for Defendants.

Even assuming arguendo that the communications and/or documents that Defendants are withholding were privileged communications, such was been waived by Defendants' counsel when they disclosed the results of the investigation. Defendants cannot use this objection as both a shield and sword; to prevent Plaintiffs from obtaining any documents related to investigations into his workplace complaints and still use such investigations as an affirmative defense to Plaintiffs' claims. See *In re: United Shore Financial Services, LLC*, No. 17-2290 (6th Cir. Jan. 3, 2018) However, this is exactly what Defendants' counsel is attempting to do here.

Defendants have waived any privilege they had relative to investigation into Plaintiffs' complaints of race discrimination, harassment and/or retaliation in the workplace as well as the Charges of Discrimination brought by the EEOC as Defendants disclosed the investigative findings relative to such complaints, along with stating their intention to rely on such findings as an affirmative defense.

Failure of counsel to turn over investigation notes prepared by regular counsel that conducts an investigation into an EEOC Charge of Discrimination, such as Defendants' attorneys Moul and Pope did here, can result in sanctions. See *EEOC et al. v. Spitzer*, 2013 WL 2250757 (ND Ohio May 22, 2013)

## 5. DEFENDANTS OBJECTED TO NOTICES OF DEPOSITIONS BY FORM AND BOILERPOINT OBJECTIONS WITHOUT EVEN ASKING IF WITNESSES HAD RESPONSIVE DOCUMENTS

The Defendants refusal to permit *any* management witnesses from bringing *any* documents which were responsive to Plaintiffs' Notices of Deposition Decus Tecum was aimed at keeping Plaintiffs from obtaining relevant discovery in violation of Rule 30(b)(2); Rule 34 and Rule 37(a). *Fed. R. Civ. P. 30(b)(2); Fed. R. Civ. P. 34; Fed. R. Civ. P. 37(a); PageID 1086-1089*

Plaintiffs' Supervisors Barnes and Greutman both testified that nobody ever showed these notices to them or even asked them if they had any responsive documents. All management witnesses identified many documents in their possession and/or control that would take them mere minutes to access, copy and provide to Defendants' attorneys if they were in their offices which were steps away from the conference room where the deposition was taken[4]. For months, Defendants have claimed to both counsel and this Court that the requested documents were in London and this "legacy data" could not be accessed for weeks on end. Meanwhile, these same documents were identified as being right here in Detroit. This is an abuse of discovery that cannot be ignored; sanctions are warranted.

---

[4] Upon receipt of the transcripts, Plaintiffs' counsel will compile a list of such documents in preparation for the pending conference call with the Magistrate Judge on May 16, 2022.

Defendants also refused to permit Darlene Sisman from producing any documents in her possession and/or control at her deposition despite not producing any written objection and not supporting any oral objection on the record. refused Defendants counsel made it clear that she would refuse to produce any relevant documentation which was in the witnesses' possession or control. Defendants counsel stated on the record that they served written objections to the requests in April 2022. However, this deposition was Re-Noticed on May 5, 2022. *Exhibit 3, May 5, 2022 Renotice of Remote Deposition of Darlene Sisman; Exhibit 4, Counsel Emails Re: Objections to Sisman ReNotice of Deposition*

Despite not filing an objection to the Renotice of Deposition Decus Tecum, Defendants' counsel ostensibly instructed the witness not to bring any documents to her deposition. *Exhibit 4* This is improper. Defendants now allege their April 28, 2022 Objection to a *prior* Notice of Deposition *with different requests* for documents somehow served as a bar to the witness producing any documents on May 10, 2022. See *Exhibits 3-4* This shows Defendants' bad faith intent clearly.

Moreover, Defendants failed to state with specificity the grounds for the objections to each item that was requested in the management witnesses' Renotice of Remote Deposition Duces Tecum in violation of FRCP Rule 34(b)(2)(B) and relied upon generalized form objections that should not be considered by this Court. *Fed. R. Civ. P. 34(b)(2)(B) See PageID 1082-1105* Further, Defendants also

failed to state whether documents were being withheld on the basis of their objections in violation of Rule 34(b)((2)(C). *Fed. R. Civ. P. 34(b)(2)(C)* Thus, any such objections were inadequate and should be deemed waived.

Pursuant to FRCP Rule 30(d)(2), "this court may impose an appropriate sanction- including reasonable expenses and attorney's fees incurred by any party…who impedes, delays or frustrates the fair examination of the deponent." *Fed. R. Civ. P. 30(d)(2)* The Defendants through their improper and incomplete objections to Notices of Deposition Decus Tecum did indeed impede, delay and frustrates the fair examination of Robert Barnes, Chad Greutman, Gregory Jenkins and Denise Sisman. In addition, Defendants violated Rule 30, 34, 37(c)(1). The Plaintiffs urge this Honorable Court to consider this motion in advance of the remaining management depositions to avoid this conduct from continuing and order sanctions to deter Defendants' continued violations of this Court's rules.

Plaintiffs urge this Court to compel Defendants to *immediately* produce any and all documents requested in the management witnesses' ReNotices of Remote Deposition as well as any documents that the management witnesses identified in their deposition testimony due to the foregoing. *PageID 1082-1105;Ex. 2* Defendants conduct is in violation of the Federal Rules of Civil Procedure Rule 30(b)(2) and warrants sanctions under Rule 26(g)(3) and Rule 37(c)(1)(A)&(B).

- 19 -

**6. DEFENDANTS OBJECTED TO MANY DISCOVERY REQUESTS BASED ON THE FACT THAT SUCH WAS BETTER SUITED TO DEPOSTION TESTIMONY. DUE TO DEFENDANTS REFUSAL TO PRODUCE RESPONSIVE DOCUMENTATION, MANAGEMENT DEPOSITIONS TOOK LONGER THAN NECESSARY**

When Plaintiffs' direct supervisor's deposition was in excess of the seven hours permitted under the Court Rules, Defendants' failed to permit Plaintiffs to continue such deposition of Plaintiffs' direct supervisor, Robert Barnes; despite objecting to many discovery requests under the theory that such is "most appropriate for deposition testimony." *See PageID 1118-1119, 1122, 1131-1133, Interrog.s #2,5 and Requests #3, 6, 7* Defendants cannot have it both ways-limiting Plaintiffs access to documents or answers to interrogatories and stating that such can be obtained via deposition but not permitting ample time to do so. Plaintiffs request this court compel the continued deposition of Supervisor Barnes' forthwith as Plaintiffs are concerned that it will delay resolution of this issue until after the close of the already extended discovery cutoff which they believe is the intention of Defendants.

Additionally, more time is needed for Robert Barnes' deposition because such was delayed several times in attempt to fix the air circulation in Defendants' conference room, to set up fans in the conference room because it was so hot, it was difficult to concentrate (despite not being hot outside).

The parties also took an extended break so Defendants' counsel Moul could deal with her flat tire in the Renaissance Center parking lot. Despite there being two attorneys from the same firm present at this deposition, Moul insisted that the dep pause until she returned. While Moul was dealing with her car troubles, Defendant Counsel Pope assured Plaintiffs that she was in no rush and could continue as long as we needed. The deponent and court reporter agreed that they were able to continue as long as needed to complete the witnesses' deposition as a result of all the unexpected breaks. However, at approximately 6:30pm. Moul objected to the continuation of Barnes deposition based on the exhaustion of the seven-hour limit set forth in the court rules.

"The Court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." *Fed. R. Civ. P. 30(d)(2)*

Additionally, the Renaissance Center parking lot charges $28/day for each car- considering each deposition in this case consists of a court reporter, 4-5 attorneys, 2 clients and 1 witness that all need to park each day of depositions, it costs approximately $250 per day just in parking fees. Such costs have become exorbitant and unreasonable- especially when reasonable alternatives exist.

Due to the foregoing, Plaintiffs request the opportunity to complete Mr. Barnes' deposition uninterrupted at Plaintiffs' counsels offices where the temperature of the conference rooms is appropriate and there is no charge for parking. No more than three hours is needed to complete this deposition.

Plaintiffs respectfully request this Honorable Court to decide these pending issues and consider this Motion for Sanctions based on the foregoing on an emergency basis due to the upcoming discovery cutoff of May 31, 2022.

## 7)  DEFENDANTS INSTRUCTED A WITNESS NOT TO PROVIDE DOCUMENTS USED TO TESTIFY FROM

On May 10, 2022, RCMC's Administrator Darlene Sisman testified during her remote deposition that she was referencing documents during her deposition testimony. Despite Plaintiffs' counsel's request that the witness show such to counsel, Defendants' counsel objected and instructed the witness not to produce such under any condition. This was inappropriate and improper; this is a clear example of Defendants' intention to frustrate discovery and prevent Plaintiffs' access to relevant documents.

## 8) LARRY PAYNE'S DEPOSITION

The parties stipulated to remote deposition of management employee; in fact, Darlene Sisman, completed a remote deposition on May 10, 2022. *Fed. R. Civ. P. 30(b)(4)*

Despite this, Defendants now state they have an objection to a remote deposition for a witness that lives in Traverse City[5]. This is the sole person that had authority to investigate Plaintiffs claims of discrimination, harassment and retaliation in his workplace from 2017-September 2021; he was also the only one in the department with authority to issue disciplinary action that could result in termination during that timeframe. Therefore, his deposition is essential.

Defendants first objected to Payne's subpoena stating the witness does not have access to internet or a computer and thus, cannot conduct his deposition remotely. Plaintiffs' counsel immediately indicated that Fortz Legal would provide the witness with a local conference room, webcam, computer, high-speed internet access so he could conduct his deposition remotely in a location that is less than ten miles from his house. Without hesitating or contacting the witness to see if this would be an acceptable accommodation, Defendants' counsel stated that the witness is electing his "right" to have an in-person deposition. When prompted as to what court rule counsel was referring to, she could not cite any. This illustrates Defendants continued efforts to delay litigation and prevent Plaintiffs' access to any information related to investigations conducted in response to his complaints.

---

[5] This is a witness that Defendants originally claimed that they would produce; however, when he moved to Traverse City, they could no longer do such. Thus, he was properly served with a subpoena to appear at a remote deposition on May 26, 2022.

Per Rule 30(b)(4), "the deposition takes place where the deponent answers the questions." *Fed. R. Civ. P. 30(b)(4)* Therefore, the 100 mile rule is not a proper objection where the witness remotely testifies in or near his home. Plaintiffs' respectfully request this Court to Order the remote deposition of Mr. Payne.

Based on the foregoing, sanctions are warranted under *Fed. R. Civ. P.* 26 and/or *Fed. R. Civ. P. 37 and/or through this Court's* inherent power to sanction and Defendants' actions are tantamount to bad-faith. Defendants actions resulted in excessive litigation costs for Plaintiffs and frustrated their ability to prepare for trial. Therefore, Plaintiffs request this Honorable Court decide these pending issues on an emergency basis before the end of discovery.

**WHEREFORE,** Plaintiffs respectfully requests that[6] this Honorable Court grant their motion in its entirety and order sanctions against Defendants for abuses of the discovery process as follows:

a) Award reasonable costs and attorney fees against Defendants, in favor of Plaintiffs, in the amount this Honorable Court deems just;

b) Order Defendants to fully and completely respond to all interrogatories and discovery requests as set forth herein and in Plaintiffs' Motion to Compel;

c) Order Defendants to produce any and all documents identified by Defendants' management witnesses as being in their possession and/or control during his/her deposition testimony;[6]

d) In the event that Defendants' produce discovery documents after the date/time of any noticed management deposition, that this Court Order Plaintiffs permission to re-call management witnesses for additional depositions as needed without having to first obtain leave of the Court, pursuant to *Rule 30(a)(2)(A)(ii) and Rule 30(d)(3)(B),* in order to avoid further delay;

---

[6] *Plaintiff will provide a detailed list upon receipt of the deposition transcripts*

e) Grant the continuation of Robert Barnes deposition for an additional three hours to be conducted at Plaintiffs' counsel's office;

f) Order the deposition of Michael Baldwin to be conducted at Plaintiffs' counsel's office;

g) Order Defendants to produce any and all documents that are being objected to based on the attorney-client work product, attorney-client privileges as indicated in discovery responses and logs;

h) Order the parties to conduct Larry Payne's deposition remotely via zoom or in-person at Plaintiffs' counsel's office;

i) Order an additional extension of discovery should Defendants fail to timely supplement discovery in accordance with this Court's order; and/or

j) Grant any other equitable relief which this Court finds necessary under the circumstances.

Respectfully submitted,


Dated: May 12, 2022                          s/Danielle Safran_____
                                             Danielle B. Safran
                                             30300 Northwestern Highway, Suite 337
                                             Farmington Hills, MI  48334
                                             (248) 932-3500

**CERTIFICATION UNDER E.D. MICH. LR 5.1(a):**

I, Danielle B. Safran, hereby certify that this document complies with Local Rule 5.1 (a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (non-proportional fonts) or 14 point (proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Danielle Safran
Danielle Safran

## PROOF OF SERVICE

I, DANIELLE B. SAFRAN, do hereby certify that a copy of the foregoing instrument was served upon the attorneys of record of all parties by electronic mailing and/or via Court Efiling, as disclosed by the pleadings of the record herein on May 12, 2022.

_____/s/Danielle B. Safran_____
Danielle Safran