# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICTOF MICHIGAN

DONALD AND BELYNDA GAMBRELL,

    Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT COMPANY, AND GENERAL MOTORS, LLC,

    Jointly and severally,

    Defendants.

Case No.: 2:21-cv-11846-DML-CI

Hon. David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

---

Danielle B. Safran (P61965)
The Sigler Law Firm, PLC
30300 Northwestern Highway
Suite 337
Farmington Hills, MI 48334
Safranlaw1@gmail.com
(248) 705-6400
*Attorneys for Plaintiffs*

Kelly Eisenlohr-Moul (P85808)
Jennifer L. Pope (P82921)
Devin S. Cohen (NY5509708)
Martenson, Hasbrouck & Simon
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(470) 733-6312
keisenlohr-moul@martensonlaw.com
*Attorneys for G4S Defendants*

## THE G4S DEFENDANTS' MOTION TO STAY

The G4S Defendants file this Motion to Stay respectfully requesting the Court issue an order staying all proceedings and Scheduling Order deadlines, including the hearing set for August 23, 2022, pending a ruling on the G4S Defendants Motion to Enforce the settlement agreement. In support of this Motion, the G4S Defendants rely on the accompanying Brief in Support of Motion.

Consistent with Local Rule 7.1, the G4S Defendants sought Plaintiffs concurrence by reaching out to Plaintiffs' counsel via telephone and email on July 13, 2022. Plaintiffs' counsel indicated she was unavailable until the afternoon of July 18, 2022, to meet and confer. On July 18, 2022, counsel for the parties conferred by telephone to discuss the basis for this Motion, and the G4S Defendants were unable to obtain Plaintiffs' concurrence.

Dated July 18, 2022.          Respectfully submitted,

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul
MARTENSON HASBROUCK & SIMON LLP
2573 Apple Valley Rd.
Atlanta, GA 30319
(231) 301-1249
Keisenlohr-moul@martensonlaw.com
*Counsel for G4S Defendants*

1

## **THE G4S DEFENDANTS BRIEF IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS AND DEADLINES**

### I.   INTRODUCTION

On July 7, 2022, G4S Defendants moved to enforce the settlement agreement that had been negotiated and finalized by the parties and executed by the G4S Defendants before Plaintiffs unexpectedly sought to revoke the agreement. ECF No. 81. Immediately after notifying the G4S Defendants that Plaintiffs did not intend to follow through on their end of the bargain, Plaintiffs' counsel unilaterally contacted the Court seeking to reschedule the hearing on Plaintiffs' previously withdrawn discovery motions given a settlement had been reached. *See* ECF Nos. 76, 77, 79. In response, a hearing on Plaintiffs' discovery motions was promptly rescheduled for August 9, 2022. ECF No. 80.

The timing of Plaintiffs' unscrupulous repudiation of the settlement has already deprived the G4S Defendants of the opportunity to file their summary judgment motions and to be heard on their withdrawn Motion to Compel Plaintiffs Rule 35 Examinations. ECF No. 77. To avoid further injustice and because the G4S Defendants have a strong likelihood of prevailing on the underlying Motion to Enforce the settlement, the G4S Defendants respectfully request this Court stay all proceedings and Scheduling Order deadlines until a ruling on the enforceability of the parties' settlement agreement is issued.

## II.   ARGUMENT & AUTHORITY

### A. This Court Should Exercise Its Inherent Power To Stay The Proceedings In The Interest of Efficiency and Judicial Economy and To Promote The Expeditious Disposition Of This Litigation.

Courts have "broad discretion and inherent power" to grant a stay of proceedings until "preliminary questions that may dispose of the case are determined". *Grabowski v. WBE Americas, Inc*. 2016 WL 7116594 *2 (E.D. Mich. 2016) *citing Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). The Court's inherent power stems from the need to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" which calls for the court to "exercise judgment" and "weigh competing interests." *MRP Properties, LLC v. United States*, 2017 WL 11518355 at *1 (E.D. Mich. 2017) (citations omitted).

As this Court explained, certain motions like garden variety Rule 12(b)(6) motions are so frequent in federal practice that a stay would be inappropriate and at odds with reaching an expeditious resolution of litigation. *Id*. On the other hand, a request to stay proceedings should be granted where the underlying motion raises issues that would be "substantially vitiated absent a stay" and when the "pending resolution of an independent proceeding bear upon the case at hand". *Grabowski*, 2016 WL 7116594 *2 (E.D Mich. 2016) (citations omitted); *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 WL 715304, at *1 (E.D. Mich. 2007). For instance,

3

in *Donnelly Corp.*, the defendant moved to stay the proceedings in a patent dispute due to the reexamination by the United States Patent and Trademark Office of the disputed patent's validity. *Donnelly Corp. v. Guardian Indus. Corp.* 2007, WL 3104794 (E.D. Mich. 2007). In granting the stay, the court reasoned that staying the proceedings until the validity of the patent could be reexamined would "promote efficient and expeditious disposition of the claims [and] conserve judicial resources". *Id*.

While the facts in this case may differ, the same reasoning applies with greater force. If the G4S Defendants underlying motion is granted and the settlement is enforced, this case will be dismissed in its entirety obviating the need for the upcoming motion hearings, issuance of multiple opinions and orders, objections by the parties where appropriate, and the parties taking the necessary steps to comply with the Court's opinions and orders. Since the G4S Defendants Motion to Enforce will not be fully briefed until July 28, 2022, it is unlikely that the parties will know whether the settlement is enforceable prior to the August 4, 2022, hearing on the G4S Defendants Motion to Strike the Jury Demand or before the rescheduled August 23, 2022 hearing on Plaintiffs' discovery motions. ECF Nos. 32, 80. Additionally, if a stay is not granted the G4S Defendants will be required to file a motion for judgment on the pleadings, which will require significant resources on motion practice that is potentially unnecessary for all parties, and inherently contradictory

to the G4S Defendants position that this case has been settled through the parties' mutual assent to all material terms. ECF No. 81. On the other hand, there is no identifiable reason why a brief stay should not be granted, as it will not cause prejudice or undue delay for any party, will conserve judicial resources, and is being sought in good faith.

Thus, a stay of the proceedings and deadlines should be granted until there is certainty as to the enforceability of the settlement. Indeed, the question of enforceability of a settlement that would dismiss the entire case with prejudice and avoid imminent expenditure of substantial fees, costs, and resources clearly constitutes a "preliminary question that may dispose of the case", such that this Court should exercise its inherent power to order a stay until that question is decided. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

Simply put, Plaintiffs and the G4S Defendants negotiated and agreed upon all material settlement terms in writing and jointly notified the Court that a settlement had been reached that would dispose of the case in its entirety. ECF Nos. 77, 78, 79. The G4S Defendants reasonably relied on Plaintiffs' assurances that an agreement had been reached and were then deprived of their right to file for summary judgment when Plaintiffs backed out without justification. Given the state of the litigation and Plaintiffs' display of bad faith, a balancing of the interests weighs heavily in favor

5

of a brief stay of all proceedings until this Court decides the G4S Defendants Motion to Enforce.

### III.  CONCLUSION

The G4S Defendants respectfully request the Court stay this case and cancel all pending hearings, until the G4S Defendants Motion to Enforce is fully briefed and a decision is issued determining whether there is any need for future hearings, opinions, or motion practice.

Dated July 18, 2022.                    Respectfully submitted,

*/s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul
MARTENSON HASBROUCK & SIMON LLP
2573 Apple Valley Rd.
Atlanta, GA 30319
(231) 301-1249
Keisenlohr-moul@martensonlaw.com
*Counsel for G4S Defendants*

## **CERTIFICATE OF SERVICE**

    I certify that on this 18th day of July 2022, I filed this document using this Court's CM/ECF System that will automatically notify all parties or counsel of record.

*/s/ Kelly Eisenlohr-Moul*
