# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

DONALD AND BELYNDA GAMBRELL,

    Plaintiff,

v.

G4S SECURE SOLUTIONS (USA) INC., RENAISSANCE CENTER MANAGEMENT COMPANY, AND GENERAL MOTORS, LLC,

    Jointly and severally,

    Defendants.

Case No.: 2:21-cv-11846-DML-CI

Hon. David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

---

Danielle B. Safran (P61965)
The Sigler Law Firm, PLC
30300 Northwestern Highway
Suite 337
Farmington Hills, MI 48334
Safranlaw1@gmail.com
(248) 705-6400
Attorneys for Plaintiffs

Kelly Eisenlohr-Moul (P85808)
Jennifer L. Pope (P82921)
Devin S. Cohen (NY5509708)
Martenson, Hasbrouck & Simon
2573 Apple Valley Road NE
Atlanta, Georgia 30319
(470) 733-6312
keisenlohr-moul@martensonlaw.com
Attorneys for Defendants

_____

## THE G4S DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS

The G4S Defendants, file this Motion for Extension of Time, respectfully requesting that the Court enter an order permitting the G4S Defendants to file dispositive motions on or before September 12, 2022.[1] In Support, the G4S Defendants state:

1. Consistent with Local Rule 7.1, the G4S Defendants certify that they conferred with Plaintiffs' counsel by phone and email on September 7, 2022, to discuss the basis for this Motion and sought Plaintiffs' concurrence, but concurrence was not reached making this Motion necessary.

2. The dispositive motion cut-off was previously set for June 14, 2022 [ECF No. 37.]

3. On June 7, 2022, the parties appeared for a settlement conference before Magistrate Judge Ivy. The settlement conference was largely productive, and Magistrate Judge Ivy ordered to parties to appear for a status conference on June 10 to gauge whether the positive momentum built at the settlement conference had continued.

4. On June 8, 2022, the parties requested an extension of the dispositive motion cut-off [ECF 67.] In their joint motion, the parties stated:

> "[T]he parties believe that their clients would be best served by strictly focusing on settlement

---

[1] On August 29, 2022, the G4S Defendants filed a motion to reinstate [ECF No. 94.] As part of that motion, the G4S Defendants requested that the Court reinstate its motion for leave to file two summary judgment motions (ECF No. 75) [*Id.*]

> discussions and to avoid incurring additional fees and costs associated with briefing and filing motions for summary judgment. An extension of the dispositive motion deadline is likely to aid in reaching a resolution of this case and is beneficial to all parties and to this Court."

[ECF No. 67, PageID.1867.]

5. On June 9, 2022, Judge Lawson granted the parties' motion and extended the time to file dispositive motions to June 21, 2022 [ECF No. 71.]

6. From June 9 through June 20, 2022, the parties continued to discuss the terms of a potential settlement.

7. By June 20, 2022, a settlement was reached, and Defendants filed a notice of settlement [ECF No. 76.]

8. In light of the parties' settlement, on June 20, 2022, Plaintiffs' counsel asked the G4S Defendants to withdraw their pending motion [ECF No. 54] set for a hearing on June 21. On June 21, 2022, the G4S Defendants complied with Plaintiffs' request and filed a notice of withdrawal [ECF No. 77.]

9. Because a settlement on all material terms had been achieved and the G4S Defendants had signed and returned the settlement agreement to Plaintiffs, the G4S Defendants had no reason to file their motion(s) for summary judgment on the June 21, 2022 deadline.

10. On June 28, 2022, Plaintiffs' counsel blindsided the G4S Defendants and attempted to revoke acceptance of the agreement.

11. On July 7, 2022, the G4S Defendants filed a motion to enforce the settlement agreement [ECF No. 81.] As of the date of this filing, that motion is pending.

12. Under Fed. R. Civ. P. 6(b)(1), the Court may extend a party's time to file a motion, even after the time to file has expired.

13. If the G4S Defendants' motion to enforce the settlement agreement is denied, it is expected that litigation of this action will continue, and the relief sought in this motion will be necessary for the G4S Defendants to effectively put forth a defense.

For the reasons stated above, the G4S Defendants respectfully request that this Honorable Court enter an order permitting the G4S Defendants to file dispositive motions on or before September 12, 2022.

Dated: September 7, 2022        Respectfully submitted,

　　　　　　　　　　　　　　　*/s/ Kelly Eisenlohr-Moul*
　　　　　　　　　　　　　　　Kelly Eisenlohr-Moul
　　　　　　　　　　　　　　　Jennifer Pope
　　　　　　　　　　　　　　　Devin S. Cohen
　　　　　　　　　　　　　　　MARTENSON HASBROUCK & SIMON LLP
　　　　　　　　　　　　　　　2573 Apple Valley Rd.
　　　　　　　　　　　　　　　Atlanta, GA 30319
　　　　　　　　　　　　　　　(470) 733-6312
　　　　　　　　　　　　　　　Keisenlohr-moul@martensonlaw.com
　　　　　　　　　　　　　　　*Counsel for G4S Defendants*

## **STATEMENT OF ISSUES PRESENTED**

1. Whether the Court should permit Defendants to file dispositive motions on or before September 12, 2022.

    Plaintiffs Respond:     No
    **Defendants Respond:   Yes**

I. ARGUMENT

### a. The Court Should Allow the G4S Defendants To File Dispositive Motions On Or Before September 12, 2022, Because Their Failure To File By The Cut-Off Date Was Based On Plaintiffs' Bad Faith Conduct.

A district court has broad power to control its own docket. *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). This power is vested in the trial courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016). The exercise of this power should be directed toward the fair administration of justice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S Ct. 1386, 8 L.Ed.2d 734 (1962).

Rule 6 of the Federal Rules of Civil Procedure provides that when an act must be done within a specified time, the court may extend the time "on motion made after the date has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

The parties' deadline to file dispositive motions was previously June 14, 2022, and then it was extended to June 21, 2022. The G4S Defendants were ready, willing,

6

and able to file their motions for summary judgment by each of those dates. However, based on Plaintiffs' counsels' representations that she and her clients were engaged in good-faith settlement discussions and the mutual understanding that a settlement was reached, the G4S Defendants did not file their dispositive motions.

Because Plaintiff reneged on the previously agreed upon settlement, this request for an extension to file dispositive motions has become necessary. It does not appear that Plaintiffs were legitimately engaged in good faith settlement discussions. Rather, Plaintiffs' counsel continued settlement discussions in bad faith to deprive the G4S Defendants of their opportunity to file dispositive motions. Plaintiffs should not be rewarded for their gamesmanship.

For the reasons stated above, as well as the reasons stated in the G4S Defendants' Motion To Enforce Settlement Agreement (ECF No. 81), Defendants' Motion to Stay (ECF No. 84), and Defendants Motion to Reinstate (ECF No. 94), the G4S Defendants should be permitted to file their motions for summary judgment on or before September 12, 2022.

## II. CONCLUSION

The G4S Defendants respectfully request that the Court grant this Motion for Extension of Time to File.

Dated: September 7, 2022	Respectfully submitted,

                                        */s/ Kelly Eisenlohr-Moul*
Kelly Eisenlohr-Moul
Jennifer Pope
Devin S. Cohen
MARTENSON HASBROUCK & SIMON LLP
2573 Apple Valley Rd.
Atlanta, GA 30319
(470) 733-6312
Keisenlohr-moul@martensonlaw.com
*Counsel for G4S Defendants*

## **CERTIFICATE OF SERVICE**

      I certify that on this 7th day of September 2022, I filed this document using this Court's CM/ECF System that will automatically notify all parties or counsel of record.

<em>/s/ Kelly Eisenlohr-Moul</em>